**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERLI GUNCORO; ASWANTO, | No. 12-70595 |
| Petitioners, | Agency Nos.    A096-066-470 |
| | A096-066-471 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 24, 2013[**]

Before:    RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Serli Guncoro and Aswanto, natives and citizens of Indonesia, petition for

review of the Board of Immigration Appeals' ("BIA") order denying their motion

to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the BIA's denial of a motion to reopen. *Toufighi*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen as untimely where the motion was filed eighteen months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and petitioners failed to present sufficient evidence of changed circumstances in Indonesia to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi*, 538 F.3d at 996 (to prevail on a motion to reopen based on changed country conditions, applicant must *inter alia* demonstrate that his evidence establishes prima facie eligibility for relief); *Wakkary v. Holder*, 558 F.3d 1049, 1065 (9th Cir. 2009) (in the asylum context, "some evidence of individualized risk is necessary for the petitioner to succeed").

We reject petitioners' contention that the BIA's denial of their motion violated due process. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on a due process challenge).

We lack jurisdiction to review the BIA's discretionary decision to not reopen removal proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

12-70595